932 F.2d 981
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leo LEDEAUX, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-3100.
 United States Court of Appeals, Federal Circuit.
 April 9, 1991.
 
 Before LOURIE, CLEVENGER and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Leo Ledeaux appeals the decision of the Merit Systems Protection Board (Board), No. BN075285C9127 (October 26, 1990). Mr. Ledeaux seeks to enforce the terms of a settlement agreement he entered with the Department of Veterans Affairs (Agency) in April 1986. Mr. Ledeaux argued that the Agency's 1989 disciplinary action violates the terms of the 1986 settlement agreement. The Board determined that the settlement agreement did not insulate petitioner from all future personnel actions. The Board upheld the Agency's action in light of bona fide management concerns. This court affirms.
 
 OPINION
 
 2
 This court must affirm the Board's decision unless it is arbitrary, capricious, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982). In this case, the Agency's discipline did not violate Mr. Ledeaux's settlement agreement. Settlement of a separate matter does not insulate Mr. Ledeaux from legitimate Agency personnel actions. The Board found that facts in the record justified the Agency's action temporarily detailing Mr. Ledeaux from his position as painter foreman, and its action in suspending him for ten days. Valid reasons supported the Agency's action. Further, a reasonable period of time has passed since the prior personnel Agency action. Mr. Ledeaux has adduced no evidence that the Agency's actions are colored by reprisal motives against him.